# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 00-30644

BASF CORPORATION,

Plaintiff-Appellant,

versus

GENERAL ELECTRIC COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 93-CV-286-B-1

June 7, 2001

Before POLITZ and EMILIO M. GARZA, Circuit Judges, and KAZEN,[*] District Judge.

POLITZ, Circuit Judge:[**]

---

[*] District Judge of the Southern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

BASF Corporation appeals a bench trial dismissal of its claims of negligence, breach of warranty, redhibition and under the Louisiana Products Liability Act. For the reasons assigned, we affirm.

## BACKGROUND

In May of 1984, BASF contracted with GE to design, manufacture, and install a gas turbine. The turbine was placed in the BASF facility in 1985 and performed without incident until April 1992. From 1985 to June of 1991 GE performed annual inspections and maintenance on the turbine. During the 1991 inspection GE replaced a portion of the turbine called first stage nozzles. This replacement necessitated the removal and replacement of the tangential pins which were secured in place by a retainer plate and retainer bolt. In April of 1992 the turbine experienced a total breakdown.

BASF filed suit against GE asserting claims in redhibition, under the Louisiana Products Liability Act (LPLA), and also claiming negligence and breach of implied and express warranties. After extensive discovery, the parties agreed to trial before a Magistrate Judge. The trial lasted two days. At the conclusion of BASF's evidence GE moved to have all of the claims involuntarily dismissed. The Magistrate Judge promptly dismissed the claims under the LPLA and redhibition finding no defect in the turbine's design. He also dismissed the general negligence

claims against GE finding no evidence of individual negligence on the part of GE. He denied the motion, however, as to the contractual and warranty claims, and the negligence claims under *respondeat superior*. At the conclusion of the trial he directed the parties to submit post-trial memoranda on the contract and warranty claims to address the battle of the forms issue. Two years later, on March 30, 2000, the Magistrate Judge issued a written decision concluding that BASF had waived the implied warranty of good workmanship and that recoverable damages would be limited to the express warranty provision of GE's standard form. A month later, he issued "Supplemental Findings of Fact and Conclusions of Law" wherein he dismissed the entire lawsuit, concluding that BASF had failed to prove causation. Final judgment was issued and this appeal followed.

## ANALYSIS

On appeal of a trial court's decision in a non-jury civil case, we review the court's conclusions of law de novo and findings of fact for clear error.[1]

The trial court dismissed BASF's LPLA and redhibition claims after finding that the design of the turbine was not defective. A close review of the testimony and evidence presented leads us to that same finding. The turbine worked, without incident, for several years. There was no evidence that the design and inclusion of

---

[1] Switzer v. Wal-Mart Stores, Inc., 52 F.3d 1294 (5th Cir.1995).

the tangential pin, retainer plate and retainer bolt had ever before caused such a failure. There is no evidence that the turbine was defective. The evidence reflects that improper reinstallation of the pins after maintenance may have led to the failure. This does not demonstrate a defect as required by either the LPLA or the Louisiana Code articles on redhibition.[2] Further, under the LPLA La. R.S. 9:2800.56, the plaintiff is required to prove that, "The likelihood of the product's design would cause the claimant's damage and the gravity of the damage outweighed the burden on the manufacturer to adopt the alternative design. . . ." The evidence clearly establishes that the likelihood of this pin coming loose and causing the breakdown experienced was minimal. The plaintiff's witness agreed that to accomplish this result the route the pin would be required to take would be "tortuous."[3] The plaintiff's expert stated that the pin's ability to follow this "required" route could be characterized as "pure luck."[4] Thus, it is clear that the plaintiff failed to prove an essential element of its products liability claim, that the likelihood of the injury was great. Accordingly, it cannot be said that the trial court's findings were clearly erroneous.

---

[2]See LA. R.S. 9:2800.51-.59 and LA. CIV. CODE ARTS. 2520-48.

[3]Trial Transcript at 132.

[4]Trial Transcript at 346-347.

The court *à quo* also determined that BASF had failed to prove that the actions of GE, even if negligent, or even if considered a defect, were the cause-in-fact of the turbine failure. Causation is a question of fact and, therefore, in a bench trial, it is reviewed under the clearly erroneous standard.[5]

In his "Supplemental Findings of Fact and Conclusions of Law," the trial court held that, "[E]ven if the improperly seated No. 4 tangential pin retaining plate bolt does constitute defect in workmanship, BASF did not prove that the defect was a cause in fact of the turbine wreck."[6] Although BASF presented evidence that some of the markings found on the first stage parts matched the edges of the tangential pin, the same witness admitted that he could not state that the pin was the "only possibility."[7] Other evidence reflects that the route the pin would be required to pass to cause the damage would be difficult, at best. The pin would have had to go through other components which showed no signs of damage. More importantly, BASF failed to prove that, even if the pin did cause the damage, GE's actions caused the pin to fall out of the retainer plate.

BASF alleged that during the 1991 service work, the head of the securing

---

[5]Skipper v. United States, 1 F.3d 349 (5th 1993).

[6]"Supplemental Findings of Fact and Conclusions of Law" at 12.

[7]Trial Transcript at 230.

5

bolt was not set flush against the retainer plate, causing the fatigue of the plate which eventually led to the plate's fracture. The only evidence supporting this allegation was that of a GE employee who was told by a mechanic upon the disassembly of the turbine after the wreck that there was an approximate one-eighth inch gap between the bolt head and the retaining plate. The witness also testified that the bolt may have been tightened correctly, but that a metal "burr" may have prevented the bolt from being seated flush against the retainer plate. There was no direct evidence that GE was responsible for the gap found by the mechanic. In fact, BASF's own testifying metallurgist stated that, although he believed the bolt was not tight against the plate, he noted "it could have either been installed loose or could have gotten loose in service. I can't tell you which one. . . ."[8] Additionally, there was a report by a BASF metallurgist concluding that the corrosion on the retainer plate caused or at least contributed to the plate's fracture. Accordingly, we cannot say the that trial court's determination that causation was not proven is clearly erroneous.

BASF also claims that the lower court erred in finding that GE's June 17, 1991 contract governed the warranty obligations between the two parties. Because we have determined that BASF failed to demonstrate causation, we need not reach

---

[8]Trial Transcript at 249.

the issue of waiver of warranty.

Finally, BASF claims that the trial court did not render judgment on its negligent workmanship claim. It is not apparent in the record that the trial court specifically disposed of this claim; however, because we conclude that BASF failed to prove that the improperly seated tangential pin was the cause-in-fact of the breakdown, we find that any negligence claim must fail. BASF would have this court apply the doctrine of *res ipsa loquitur* to infer negligence in this case. The doctrine of *res ipsa* applies only when: 1) the circumstances surrounding the accident are so unusual that, in the absence of other pertinent evidence, there is an inference of negligence on the part of the defendant; 2) the defendant had exclusive control over the thing causing the injury; and 3) the circumstances are such that the only reasonable and fair conclusion is that the accident was due to a breach of duty on defendant's part.[9] This doctrine is inapplicable in the case at bar. The defendant did not have exclusive control over the thing causing the injury. The services provided by GE occurred several months before the accident. From that point forward, the turbine was under the exclusive control of the plaintiff, not the defendant. In addition, there is evidence that BASF employees had physically entered the turbine a month before the accident to do a routine "crank washing."

---

[9]Spott v. Otis Elevator Co., 601 So. 2d 1355, 1362 (La. 1992).

7

Because BASF failed to demonstrate causation and the doctrine of *res ipsa* is inapplicable, the negligence claim fails.

The judgment appealed is AFFIRMED.